Battle, J.
 

 The questions which have been raised upon the construction of the fourth clause of the will of the plaintiff’s testator, and which are now presented for our determination, are, mostly, easy of solution. We will consider them in the order in which they are presented by the bill.
 

 1. There can be no doubt that the children of the testator’s three daughters, Martha Rhinehart, Kisiali Sossaman and Nancy Eurr, take under the will. The word “grand-children” was used, either by an obvious mistake for the children of his daughters, for he immediately adds, that they
 
 “
 
 shall equally inherit their mother’s share,” or was an awkward expression to signify that they wore his grand-children, as being the children of his daughters. The meaning of the testator is plain, and cannot be defeated by an obvious mistake or by an awkward expression.
 

 2. The children certainly take
 
 per
 
 stirpes, or by families.
 
 *493
 
 The daughters were first mentioned as if they were to take, each a share, and then the shares which were set apart for them, are given to their respective children. See
 
 Lockhart
 
 v.
 
 Lockhart,
 
 ante 205, and other cases there referred to.
 

 3. The general rule is, that where there is a bequest to children, and there is no life-estate given in the mean time, and the time for a division is not postponed to a certain period after the death of the testator, only the children born at the testator’s death can take. But if the intent of the testator is clear that he wishes his bounty to be enjoyed by children bom after his death, they too shall be included in the bequest. Thus, in the ease of
 
 Shull
 
 v. Johnson, 2 Jones’ Eq. Rep. 202, where a testator gave a legacy to his nephews and nieces, that might “be living at or after” his decease, we held that the nephews and nieces born after the testator’s death, were entitled to take equally with those who were born before. That decision was made at Morgan ton, and we cited no authority in support of it. We are now able to refer to the cases of
 
 Defliss
 
 v.
 
 Goldsmidt,
 
 1 Mer. Rep. 417,
 
 Scott
 
 v.
 
 Lord Scarborough,
 
 1 Beavan’s Rep. 154, (17 Eng. Con. Ch. Rep. 154,) which fully sustain it.
 

 4. The child of Nancy Furr, which was born within ten months after the death of the testator, is to be considered as having been then
 
 in mntre sa mere,
 
 and of course entitled as a child born at that time. But in the present case, the child would take under the limitation to afterborn children. The interest which she took was clearly vested, and, upon her death, went to her administrator.
 

 5. The executor has a right, and it is his duty, in paying over to the children who are now entitled, or to their guardian, if they be minors, their respective shares, to take a bond with good and sufficient security, for refunding what may be necessary to pay the portion of such children as may be hereafter born. See
 
 Shull
 
 v.
 
 Johnson,
 
 above referred to.
 

 A decree may be drawn, declaring the rights of the parties according to the principles herein-before set forth.
 

 Pee CuexaM, Decree according!}.